CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 9 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SANDRA K. DAVIS, | ) | |
| | ) | Civil Action No. 5:07CV00092 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: Honorable Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Sandra K. Davis, was born on December 14, 1954, and eventually reached the ninth grade in school. Sometime later, Mrs. Davis received a general equivalency diploma. Plaintiff has worked as a florist, store clerk, cabinet refinisher, and factory assembler. She last engaged in work activity in 2004. On October 20, 2004, Mrs. Davis filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on January 1, 2000 due to back problems and depression. Mrs. Davis now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the third quarter of 2000, but not thereafter. See, gen., 42 U.S.C. § 423.

Consequently, Mrs. Davis is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before September 30, 2000. See, gen., 42 U.S.C. § 423.

Mrs. Davis' claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 11, 2006, the Law Judge found that Mrs. Davis was disabled for purposes of her application for supplemental security income benefits as of October 20, 2004, the date of her application for such benefits.[1] However, the Law Judge ruled that Mrs. Davis is not entitled to disability insurance benefits. More specifically, the Law Judge held that plaintiff remained engaged in the performance of substantial gainful activity through her date last insured, September 20, 2000. Accordingly, the Law Judge ultimately concluded that Mrs. Davis was not disabled for purposes of her application for disability insurance benefits at any time during the period in which she still enjoyed insured states, and that she is not entitled to a period of disability and disability insurance benefits. See 20 C.F.R. § 404.1520(b). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Davis has now appealed to this court.

Under 20 C.F.R. § 404.1520(b), it is provided as follows:

> If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

---

[1] Under the supplemental security income benefit program, a claimant cannot receive benefits until the month following the month of application for such benefits, regardless of the month in which the claimant became disabled. See 20 C.F.R. §§ 416.202 and 416.501.

2

For purposes of claims adjudication, substantial gainful activity is defined under 20 C.F.R. § 404.1572 as follows:

Substantial gainful activity is work activity that is both substantial and gainful:

(a) *Substantial work activity.* Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity.* Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities.* Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

It seems that Mrs. Davis opened a flower shop in July of 1999. She continued to work on a self-employed basis in the flower shop until May of 2004. In his opinion, the Administrative Law Judge considered the quality of plaintiff's work during this period of time. He noted that she had employees who she supervised, and that she kept track of the paperwork and accounts. The Law Judge observed that plaintiff grossed over $100,000.00 in the last year that she had the shop. The Law Judge concluded that Mrs. Davis was engaged in substantial gainful activity because she rendered services significant to the operation of her business and received a substantial income from her endeavors. See 20 C.F.R. § 404.1575.

Following issuance of the Law Judge's opinion, plaintiff's attorney wrote the Social Security Administration's Appeals Council regarding Ms. Davis' case. Stated succinctly, plaintiff's representative argued that the Administrative Law Judge did not review tax returns or consider the

3

extent of the work provided by Mrs. Davis' relatives in the conduct of the business. More specifically, the attorney informed the Appeals Council as follows:

> We will be providing affidavits from family members about the nature and value of their contributions to the business. Tax returns for the years 1999-2004, and additional information concerning impairment related work expense once we have received the recording of the hearing and had a chance to review it.

(TR. 362).

In a memorandum submitted in support of a motion for summary judgment, plaintiff asserts that additional evidence was forwarded to the Appeals Council. The new evidence consists of tax papers and affidavits of persons who worked with Mrs. Davis. However, these documents are not included in the current administrative record, and presumably were not considered by the Appeals Council. Mrs. Davis now seeks remand of her case to the Commissioner for consideration of these new exhibits.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d, 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

4

The court concludes that plaintiff has established good cause for remand of her case to the Commissioner for consideration of the new evidence. Plaintiff has submitted the new evidence to the court so there can be no question as to its nature. Furthermore, it is undisputed that plaintiff notified the Appeals Council of her intent to submit the new evidence, and that she attempted to do so. The court also finds that the new evidence pertains to the extent and quality of plaintiff's work at the time of termination of her insured status and is, therefore, relevant to the critical inquiry.

Finally, the court believes that consideration of the new evidence might reasonably result in a different disposition in this case. The affidavits submitted from former coworkers, friends, and family strongly suggest that Mrs. Davis was unable to perform regular work activities during the period of time in which she owned the florist business. Furthermore, the tax records support plaintiff's assertion that the business was not profitable during the crucial period of time. The United States Court of Appeals for the Fourth Circuit has ruled that gross sales, standing alone, do not evince performance of substantial gainful activity. See Stewart v. Sullivan, No. 90-1862, 947 F.2d 942 (Table), 1991 WL 224252 (4th Cir. Nov. 5, 1991). The Fourth Circuit has also accepted the notion that affidavits from those familiar with the quality and substance of a claimant's work should be considered in assessing performance of substantial gainful activity. Id. Moreover, the fact that a claimant may be proud of her work activity is not determinative. Id. The question is whether the activity was worth anything to the business. Id. The court believes that the new evidence is relevant to this latter inquiry.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of the new evidence regarding the nature and substance of plaintiff's work activity in her florist business. If the Commissioner is

5

unable to decide this case in plaintiff's favor on the basis of the existing record and new evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present further evidence and argument.  An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED:  This 28th day of day of May, 2008.

UNITED STATES DISTRICT JUDGE